UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VINCENT T. NEELY,

    Plaintiff,

v.

    Case No. 2:24-cv-18

    Hon. Hala Y. Jarbou

UNKNOWN PEDERSON, et al.,

    Defendants.
_____/

# ORDER

On November 6, 2024, the magistrate judge entered a report and recommendation ("R&R") that the Court grant Defendants Pederson and Batho's motion for summary judgment and their motion to strike Plaintiff's sur-reply to that motion. (R&R, ECF No. 25.) Before the Court are Plaintiff's objections to the R&R. (Pl.'s Objs., ECF No. 26.)

Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

**A. Timeliness**

Plaintiff's objections are not timely. The magistrate judge gave Plaintiff fourteen days from the date of service to file objections to the R&R. The Court mailed the R&R to Plaintiff on November 6, 2024. Assuming Plaintiff received the R&R by November 13, 2024, he had until November 27 to file objections. Plaintiff signed his objections on December 4, 2024 (Pl.'s Objs.,

PageID.266), long after the deadline passed.[1]  Accordingly, the objections are untimely.  Plaintiff provides no explanation for his failure to comply with the Court's deadline.  Accordingly, the Court rejects the objections on this basis.

**B. Substance**

Even when examining the substance of Plaintiff's objections, they do not establish any error in the R&R.  The magistrate judge determined that Plaintiff failed to exhaust his administrative remedies.  Plaintiff claims that Defendants Pederson and Batho retaliated against him for writing a grievance by making threats, fabricating evidence that Plaintiff committed misconducts, and issuing him misconduct reports.  (R&R 2-3.)  At a misconduct hearing, he was found not guilty.

The magistrate judge noted that, for claims regarding a false or retaliatory misconduct ticket, a prisoner must exhaust that claim by first raising the issue of retaliation at the misconduct hearing.  (R&R 10, 30.)  Plaintiff provided no evidence that he raised this issue at the hearing.  (*Id.* at 18-19, 22-23.)  He did assert in an improper sur-reply to Defendants' motion for summary judgment that he raised the issue at the misconduct hearing and that the administrative law judge overseeing the hearing failed to document his request.  He provided no evidence to support this assertion, however, such as a sworn affidavit or declaration.  (*See* R&R 25.)  The unsworn statement in his sur-reply is not evidence and it does not create an issue of fact for trial.

Plaintiff objects that he could not exhaust his remedies because "prison staff refused to provide him with the proper appeal papers to proceed to the next step."  (Pl.'s Objs. 2.)  However, it appears that Plaintiff did not properly raise this argument to the magistrate judge by including it

---

[1] Under the "prison mailbox rule" a pro se prisoner's legal materials are deemed filed when handed over to prison officials for mailing to the court.  *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).  "Cases expand the understanding of this handing-over rule with an assumption that, absent contrary evidence, a prisoner does so on the date he or she signed" those materials.  *Id.* (citations omitted).

2

in his response to the motion for summary judgment. The Court generally does not consider arguments raised for the first time in objections to a R&R. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[A]bsent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.").

At any rate, his argument does not change the outcome. Plaintiff is apparently referring to the appeal from his misconduct hearing. Evidence in the record indicates that Michigan Department of Corrections ("MDOC") officials would not give him a copy of his misconduct hearing report because he was found not guilty of the misconducts, rendering an appeal unnecessary. (*See* R&R 19-21.) But that evidence does not save his retaliation claim because he did not show that he raised the retaliation issue at his misconduct hearing, which was a necessary step in the exhaustion process. The applicable MDOC grievance policy provided that prisoners could not use a grievance to challenge "a decision made" in a Class I, II, or III misconduct hearing. (*See* MDOC Policy Directive 03.02.130 ¶¶ J(9), J(11) (effective Mar. 8, 2019), ECF No. 13-2.) When examining a similar policy, the Court of Appeals concluded that a prisoner has "only one avenue for challenging [the issuance] of major misconduct reports," including the issuance of false or retaliatory misconduct reports, which is a hearing. *See Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011); *accord Rush v. Newcomb*, No. 19-2013, 2020 WL 5270438, at *2 (6th Cir. July 8, 2020). Here, Plaintiff received a hearing. There is no evidence that he raised the issue of retaliation at that hearing.

Arguably, Plaintiff did not intend to challenge a "decision made" at the misconduct hearing; rather, he claims Defendants wrote false misconduct tickets about him in retaliation for his protected conduct. After all, he was found not guilty of the misconduct; there would have been

3

no reason for him to challenge that decision. But in that case, he could have raised the retaliation issue through the regular grievance process. *See Reynolds-Bey v. Harris*, 428 F. App'x 493, 501 (6th Cir. 2011) ("As distinct from the outcomes of misconduct *hearings*, the filing of retaliatory misconduct *reports* is grievable under MDOC Policy Directive 03.02.130.").[2] He did not complete that process.

Plaintiff objects that he did not receive a response from the MDOC to a step I grievance, which rendered the grievance process unavailable. He cites *Boyd v. Corrections Corp. of America*, 380 F.3d 989 (6th Cir. 2004), which concluded that "administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance." *Id.* at 996. That decision is inapposite because it "was premised upon the fact that the prison grievance policy at issue required inmates to wait for a response from a grievance officer before appealing to the warden." *Russ v. TDOC*, No. 19-5656, 2020 WL 3317753, at *2 (6th Cir. Jan. 15, 2020). By contrast, the MDOC's grievance policy expressly permitted prisoners to file a step II grievance when they do not receive a timely response at step I. (MDOC Policy Directive 03.02.130 ¶ DD.) Plaintiff has offered no evidence that he took this step. (*See* R&R 17.) Thus, Plaintiff did not exhaust the administrative remedies available to him.

Finally, Plaintiff argues that he is entitled to a jury trial on the issue of exhaustion, citing *Richards v. Perttu*, 96 F.4th 911 (6th Cir. 2024). There, the Court of Appeals held that a district court cannot resolve genuine disputes of material fact regarding exhaustion when doing so would also resolve a dispute about the merits of the case. *Id.* at 923. Plaintiff's reliance on *Richards* is misplaced because this Court is not resolving a factual dispute. Instead, the magistrate judge

---

[2] Unlike the prisoner in *Siggers*, Plaintiff and the prisoner in *Reynolds-Bey* were found not guilty of the misconduct charges against them or the charges were dismissed at the hearing. *See Reynolds-Bey*, 428 F. App'x at 501. In such circumstances, a grievance complaining about a retaliatory misconduct report would not challenge a decision made at the misconduct hearing, unless the hearing addressed that issue.

4

concluded (and the Court agrees) that there are no genuine disputes of fact to resolve. Plaintiff is not entitled to a jury trial where, as here, there are no genuine disputes of material fact for a jury to decide. Because the uncontroverted evidence shows Plaintiff did not exhaust his federal claims, he cannot present them to a jury.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 26) are **REJECTED** and **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 25) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motion to strike by Defendants Pederson and Batho (ECF No. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's sur-reply (ECF No. 22) is **STRICKEN**.

**IT IS FURTHER ORDERED** that the motion for summary judgment by Defendants Pederson and Batho (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's federal claims against Defendants Pederson and Batho are **DISMISSED** due to Plaintiff's failure to exhaust his administrative remedies before filing suit.

**IT IS FURTHER ORDERED** that any state law claims raised by Plaintiff are **DISMISSED** because the Court declines to exercise supplemental jurisdiction over them.

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment (ECF No. 17) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel to represent him in this case (ECF No. 27) is **DENIED** as moot because the Court will dismiss the case.

**IT IS FURTHER ORDERED** that the Court declines to certify that an appeal would not be taken in good faith.

A judgment will enter in accordance with this Order.

Dated: December 17, 2024          /s/ Hala Y. Jarbou
                                   HALA Y. JARBOU
                                   CHIEF UNITED STATES DISTRICT JUDGE